IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BES KESSLER PARK FUND X111 LLC, § | |
| PLAINTIFF, § | |
| § | |
| V. § | CIVIL CASE NO. 3:24-CV-006-E-BK |
| § | |
| K'IN WAY XI, ET AL., § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Defendants filed a notice of removal along with motions to proceed *in forma pauperis*. Doc. 3: Doc. 5: Doc. 6; Doc. 7: Doc. 8. Upon review of the relevant pleadings and applicable law, this action should be **REMANDED** *sua sponte* for lack of subject matter jurisdiction.

**I. BACKGROUND**

On December 14, 2023, Plaintiff Bes Kessler Park Fund X111 LLC (Bes Kessler) filed a petition for eviction against *pro se* Defendant Gilmore in Justice of the Peace Court, Precinct Place 1, Dallas County, Case No. JPC-23-09670-51. Doc. 3 at 1.[1] On January 2, 2024, Gilmore and three additional pro se litigants, K'in Way Xi, Glen Marion, and James Dawson, filed a notice of removal in this Court. Doc. 3 at 1; *see also* Doc. 3 at 12 (*Suppl. Civil Cover Sheet for*

---

[1] The Justice court online docket sheet is available on the Dallas County website at this link https://courtsportal.dallascounty.org/DALLASPROD/Home/Dashboard/29 (last accessed on Jan. 16, 2024).

*Cases Removed From State Court*).  Defendants also assert counterclaims against Bes Kesller. Doc. 3 at 13.  They allege that Bes Kesller breached the Texas Apartment Association Contract and discriminated against them in violation of 42 U.S.C. § 1981(a) and Title VII.  Doc. 3 at 2, 6; *see also* Doc. 3 at 10 (describing cause of action in the *Civil Cover Sheet* as racial discrimination, employment discrimination, and contract violation); Doc. 3 at 13 (restating counterclaims).

The notice of removal does not include a copy of the original petition for eviction or the state court docket sheet.  A review of the online docket sheet confirms, however, that Gilmore did not file a copy of the notice of removal in Justice court.  In addition, the Justice court entered a default judgment against Gilmore after a bench trial on January 4, 2024.  Gilmore then moved to set aside judgment and the case is set for hearing on January 18, 2024.

Upon review, the Court finds that subject matter jurisdiction is lacking.  Therefore, this action should be remanded *sua sponte*.[2]

**II. ANALYSIS**

The Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction.  *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

A defendant may remove a state court action if the action is one that could have originally been filed in federal court.  *See* 28 U.S.C. § 1441(a).  Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between

---

[2] Because jurisdiction is lacking, the Court does not reach Defendants' motions to proceed *in forma pauperis,* address other deficiencies in Defendants' *pro se* notice of removal, or require compliance with the Court's filing requirements.

adverse parties and at least $75,000 in controversy, *see* 28 U.S.C. § 1332. In addition, the removing party bears the burden of establishing jurisdiction. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001). "Under the well-pleaded complaint rule, 'a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint.'" *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008) (citation omitted). *See also Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference" (citation omitted)).

The Court liberally construes the notice of removal with all possible deference due *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under this most liberal construction, however, Defendants fail to point to anything in the original petition that could be construed to support federal question or diversity jurisdiction.

To support removal under §1331, the party asserting federal jurisdiction "must locate [its] basis … in those allegations necessary to support the plaintiff's claim." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995), *abrogated on other grounds by Rivet v. Regions Bank of La.*, 522 U.S. 470, 473 (1998). And those allegations must be present at the time of removal. *See Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) ("When an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the

federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." (cleaned up)).

As noted, Defendants' notice of removal does not include a copy of the original petition for eviction or the state court docket sheet. Nor does the notice of removal allege facts from which the Court may infer that a federal claim was apparent in the original petition for eviction. Moreover, if Defendants assert defenses and counterclaims based in federal law, they cannot by themselves support subject matter jurisdiction. "[A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (emphasis in original); *see also Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("A defense that raises a federal question is inadequate to confer federal jurisdiction." (citation omitted).

As the Supreme Court recently explained, "Section 1441(a) . . . does not permit removal based on counterclaims at all, as a counterclaim is irrelevant to whether the district court had 'original jurisdiction' over the civil action." *Home Depot U.S.A., Inc. v. Jackson*, --- U.S. ---, 139 S. Ct. 1743, 1748 (2019). In other words, "the civil action . . . of which the district cour[t]' must have 'original jurisdiction' is the action as defined by the plaintiff's complaint[.]" *Id.*

That civil action here is the state eviction action as delineated by Bes Kessler's eviction petition. It is *not* Defendants' notice of removal, which raises for the first time the purported employment and racial discrimination counterclaims. Thus, the federal question alleged in the counterclaims cannot confer jurisdiction upon the federal court. *See Metro Ford*, 145 F.3d at 327. And the notice of removal presents no other facts from which the Court may deduce that a federal claim was noticeable in the original state petition.

It is also clear from Defendants' filings that there is no jurisdiction based on diversity of the parties. Their filings confirm that Plaintiff and Defendants are all citizens of the State of Texas. Doc. 3 at 10. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (no diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants).

### III. CONCLUSION

In sum, Defendants have failed to carry their burden of establishing that the eviction petition supported federal question jurisdiction at the time of removal. Thus, this action should be **REMANDED** *sua sponte* for lack of jurisdiction to the Justice of the Peace Court, Precinct Place 1, Dallas County, Case No. JPC-23-09670-51.

**SO RECOMMENDED** on January 17, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).