CAUSE NO. JPC-23-09670-51

BES KESSLER PARK FUND X111 LLC DBA AXIS KESSLER PARK
PLAINTIFF

v.

GEORGE GILMORE
& ALL OCCUPANTS
DEFENDANT

§
§    IN THE JUSTICE COURT
§
§    PRECINCT 5, PLACE 1
§
§    DALLAS COUNTY, TEXAS

EVICTION CITATION

This Process was delivered to you at:
_____ o'clock _____ M.
This _____ day of _____ DEC 20___
MICHAEL OROZCO CONSTABLE
Dallas County, Texas, Precinct 5
By: _____  Badge # ___

THE STATE OF TEXAS
TO THE DEFENDANT(S):  GEORGE GILMORE & all occupants

This citation is issued based on a petition filed by Plaintiff(s) on December 14, 2023. In addition to possession of the property the Plaintiff(s) is seeking the following relief in this case:  back rent in the amount of $0.00, attorney's fee $0.00 plus court costs.

| PLAINTIFF: | PLAINTIFF'S AGENT | PLAINTIFF'S ATTORNEY |
|---|---|---|
| BES KESSLER PARK FUND X111 LLC DBA AXIS KESSLER PARK NO KNOWN ADDRESS | | RACHEL GAIL COLE |
| | | 2711 N HASKELL AVE SUITE 2400 DALLAS TX 75204-2926 |
| Phone: | Phone: | Phone:    972-716-1888 |

You must appear before in this court, located at, 3443 St. Francis Avenue Dallas Texas  75228, on the date and time stated below.

YOU HAVE BEEN SUED FOR EVICTION FROM THE *PREMISES KNOWN AS*, 2456 FORT WORTH AVENUE APARTMENT #7302  DALLAS TX  75211 IN SAID JUSTICE COURT, PRECINCT 5, PLACE 1.  THE ABOVE-NAMED PLAINTIFF(S) SEEKS POSSESSION OF THE PREMISES AND THE OTHER RELIEF STATED ABOVE.  YOU MUST APPEAR IN PERSON FOR TRIAL IN COURT AT THE LOCATION STATED ABOVE ON JANUARY 04, 2024 AT 10:00 AM.  YOU MAY BUT ARE NOT REQUIRED TO FILE A WRITTEN ANSWER WITH THE COURT ON OR BEFORE THE DAY SET FOR TRIAL.  UPON TIMELY REQUEST AND PAYMENT OF A JURY FEE NOT LATER THAN THREE (3) DAYS BEFORE THE DAY SET FOR TRIAL, THE CASE WILL BE HEARD BY A JURY.  DO NOT IGNORE THESE PAPERS.  FAILURE TO APPEAR FOR TRIAL MAY RESULT IN A DEFAULT JUDGMENT BEING ENTERED AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION.  FOR FURTHER INFORMATION, CONSULT PART V. OF THE TEXAS RULES OF CIVIL PROCEDURE, WHICH IS AVAILABLE ONLINE AND ALSO AT THE COURT LISTED ON THIS CITATION.

THIS SUIT TO EVICT INVOLVES IMMEDIATE DEADLINES. A TENANT WHO IS SERVING ON ACTIVE MILITARY DUTY MAY HAVE SPECIAL RIGHTS OR RELIEF RELATED TO THIS SUIT UNDER FEDERAL LAW, INCLUDING THE SERVICEMEMBERS CIVIL RELIEF ACT (50 U.S.C. APP. SECTION 501 ET SEQ) OR STATE LAW, INCLUDING SECTION 92.017, TEXAS PROPERTY CODE.   CALL THE STATE BAR OF TEXAS TOLL-FREE AT 1-877-9TEXBAR IF YOU NEED HELP LOCATING AN ATTORNEY. IF YOU CANNOT AFFORD TO HIRE AN ATTORNEY, YOU MAY BE ELIGIBLE FOR FREE OR LOW-COST LEGAL ASSISTANCE.

DEMANDA PARA DESALOJAR
ESTA DEMANDA PARA DESALOJAR INVOLUCRA PLAZOS INMEDIATOS. UN INQUILINO QUE ESTA EN SERVICIO MILITAR ACTIVO PUEDE TENER DERECHOS ESPECIALES O SOCORRO EN RELACION CON ESTE DEMANDA POR LA LEY FEDERAL, INCLUIDOS LOS MIEMBROS DEL SERVICIO CIVIL RELIEF ACTUAR (50 U.S.C. APP. SECCION 501 Y SS.) O LA LEY DEL ESTADO, INCLUIDA LA SECCION 92.017, TEXAS CODIGO DE LA PROPIEDAD. LLAME AL COLEGIO DE ABOGADOS DE

TEXAS (STATE BAR OF TEXAS). LLAMADA GRATUITA AL 1-877-9TEXBAR SI USTED NECESITA AYUDA PARA LOCALIZAR A UN ABOGADO. SI NO ESTÁ A SU ALCANCE CONTRATAR A UN ABOGADO, USTED PUDIERA SER ELEGIBLE PARA ASESORIA LEGAL GRATUITA O DE BAJO COSTO.

**ISSUED AND SIGNED** on the 18th day of December, 2023



JUDGE SARA MARTINEZ
JUSTICE OF THE PEACE
PRECINCT 5, PLACE 1
DALLAS COUNTY, TEXAS
3443 ST. FRANCIS AVENUE
DALLAS TEXAS  75228
COURT PHONE:  214-943-6980
JP51Court@dallascounty.org

---

**Citation Eviction Issued To Constable 5**

**Defendant's Service Address:**  GEORGE GILMORE 2456 FORT WORTH AVENUE APARTMENT #7302  DALLAS TX  75211

CASE NO. 23 09670 51

| | | |
|---|---|---|
| BES KESSLER PARK FUND XIII LLC | § | JUSTICE OF THE PEACE COURT |
| A/K/A AXIS KESSLER PARK, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | PRECINCT 5, PLACE 1 |
| | § | |
| GEORGE GILMORE, AND | § | |
| ALL OTHER OCCUPANTS | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |
| | § | |



## PLAINTIFF'S EVICTION PETITION

COMES NOW BES Kessler Park Fund XIII LLC a/k/a Axis Kessler Park ("Plaintiff") and complains of George Gilmore and all other occupants ("Defendant") at 2456 Fort Worth Avenue, Apartment #7302, Dallas, Texas 75211, and would show the Court the following:

### I. PARTIES

1.   BES Kessler Park Funds XIII LLC d/b/a Axis Kessler Park is the current owner of the property that is the subject of Plaintiff's Eviction Petition.

2.   Defendant George Gilmore is an individual resident of Texas. Pursuant to Texas Rules of Civil Procedure, Defendant George Gilmore may be served at 2456 Fort Worth Avenue, Apartment #7302, Dallas, Texas 75211, or wherever he may be found.

### II. VENUE

3.   Venue is proper in Precinct 5, Place 1, Dallas County, Texas, because it is the Precinct in which the property that is the subject of this action is located.

### III. SUIT FOR POSSESSION

4.   Plaintiff BES Kessler Park Fund XIII LLC a/k/a Axis Kessler Park, as landlord, and Defendant George Gilmore, as tenant, entered into a written Lease beginning August 15, 2023 for a residential property being 2456 Fort Worth Avenue, Apartment #7302, Dallas, Texas 75211 (the "Lease"). A true and correct copy of the Lease t is attached hereto as **Exhibit A** and incorporated by reference.

5.   Plaintiff BES Kessler Park Fund XIII LLC a/k/a Axis Kessler Park, employer, and Defendant George Gilmore, as employee, entered into an Employee Apartment Rental Agreement on August 14, 2023. (the "Agreement"). By the terms of the Agreement, Plaintiff may demand possession at any time after termination of employment. A true and correct copy of the Agreement is attached hereto as **Exhibit B** and incorporated by reference.

6.    On October 13, 2023, Plaintiff delivered a written notice to vacate to Defendant due to the termination of his employment. A copy of this notice (the "Notice to Vacate") is attached hereto and incorporated herein as **Exhibit C**. Despite receiving the Notice to Vacate, Defendant George Gilmore remain in possession of the Property.

## IV. SUIT FOR ATTORNEYS' FEES

7.    Plaintiff BES Kessler Park Fund XIII LLC a/k/a Axis Kessler Park sues Defendant for attorney's' fees. Under the terms of the Agreement, Plaintiff is entitled to recover reasonable attorney's' fees in the event it files suit against Defendant for violation of the Agreement. Plaintiff has retained the law firm of Higier Allen & Lautin, P.C. to represent it in this matter and has agreed to pay the firm's regular hourly rates.

## V. PRAYER

WHEREFORE Plaintiff BES Kessler Park Fund XIII LLC a/k/a Axis Kessler Park requests that Defendant George Gilmore be cited to appear and answer and that upon final hearing that:

1.    Defendant be found guilty of forcible detainer;
2.    Plaintiff be awarded possession of the Property;
3.    Plaintiff be awarded court costs and attorneys' fees; and
4.    Such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

HIGIER ALLEN & LAUTIN, P.C.

By: _____

Rachel G. Henderson
State Bar No. 24095365
rcole@higierallen.com
Jennifer L. Owen
State Bar No. 15369050
jowen@higierallen.com
Roberto L. Rodriguez
State Bar No. 24088918
rrodriguez@higierallen.com
Vince M. Vela
State Bar No. 24097232
vvela@higierallen.com
Alison   Hunsicker
State Bar No. 24104524
ahunsicker@higierallen.com
The Tower at Cityplace
2711 N. Haskell Ave., Suite 2400
Dallas, Texas 75204
(972) 716-1888
(972) 716-1899 Telecopy
ATTORNEYS FOR PLAINTIFF

**VERIFICATION**

Before me, the undersigned Notary Public, on December *12th* 2023, personally appeared Estacia Crittle, Associate Resident Relations Manager for the apartment community owned by Plaintiff, who being by me duly sworn upon their oath testified that they have read the preceding Eviction Petition, and that every statement made is within their personal knowledge and is true and correct.

_____
Estacia Crittle

SUBSCRIBED AND SWORN TO BEFORE ME, the undersigned Notary Public, on December *12th*, 2023, to certify which witness my hand and seal.

_____
Notary Public in and for the State of Texas

My Commission Expires:



ABDEL RAHMOUNE
Notary Public
STATE OF TEXAS
ID# 346737-7
My Comm. Exp. Sept. 7, 2025



TEXAS APARTMENT ASSOCIATION

**EXHIBIT A**

# Apartment Lease Contract

This is a binding contract. Read carefully before signing.

This Lease Contract ("Lease") is between you, the resident(s) as listed below and us. The terms "you" and "your" refer to all residents. The terms "we," "us," and "our" refer to the owner listed below.

## PARTIES

Residents  George Gilmore _____

Owner  BES Kessler Park Fund XIII LLC _____

Occupants _____

## LEASE DETAILS

**A. Apartment (Par. 2)**
Street Address: 2456 Fort Worth Ave
Apartment No. 7302    City: Dallas    State: TX Zip: 75211

**B. Initial Lease Term.** Begins: 08/15/2023    Ends at 11:59 p.m. on: 09/14/2023

**C. Monthly Base Rent (Par. 3)**
$ 1572.00

**D. Prorated Rent**
$ 878.52
☒ due for the remainder of 1st month or
☐ for 2nd month

**E. Security Deposit (Par. 5)**
$ 0.00

*Note that this amount does not include any Animal Deposit, which would be reflected in an Animal Addendum.*

**F. Notice of Termination or Intent to Move Out (Par. 4)**
A minimum of 60 days' written notice of termination or intent to move out required at end of initial Lease term or during renewal period

*If the number of days isn't filled in, notice of at least 30 days is required.*

**G. Late Fees (Par. 3.3)**

**Initial Late Fee**
☒ 10 % of one month's monthly base rent or
☐ $ 0.00
Due if rent unpaid by 11:59 p.m. on the 3rd (3rd or greater) day of the month

**Daily Late Fee**
☐ 0 % of one month's monthly base rent for _____ days or
☐ $ 0.00 for _____ days

**H. Returned Check or Rejected Payment Fee (Par. 3.4)**
$ 75.00

**I. Reletting Charge (Par. 7.1)**
A reletting charge of $ 1361.70 *(not to exceed 85% of the highest monthly Rent during the Lease term)* may be charged in certain default situations

**J. Optional Early Termination Fee (Par. 7.2)**
Notice of 60 days is required.
*You are not eligible for early termination if you are in default.*
Fee must be paid no later than 7 days after you give us notice
*If values are blank or "0," then this section does not apply.*

**K. Animal Violation Charge (Par. 12.2)**
Initial charge of $ 100.00 per animal (not to exceed $100 per animal) and

A daily charge of $ 10.00 per animal (not to exceed $10 per day per animal)

**L. Additional Rent - Monthly Recurring Fixed Charges.** You will pay separately for these items as outlined below and/or in separate addenda, Special Provisions or an amendment to this Lease.

| | | | | |
|---|---|---|---|---|
| Animal rent $ _____ | Cable/satellite $ _____ | Trash service $ 25.00 |
| Internet $ _____ | Package service $ _____ | Pest control $ 5.00 |
| Storage $ _____ | Stormwater/drainage $ _____ | Washer/Dryer $ _____ |
| Other: _____ | | $ _____ |
| Other: _____ | | $ _____ |
| Other: _____ | | $ _____ |
| Other: _____ | | $ _____ |

**M. Utilities and Other Variable Charges.** You will pay separately for gas, water, wastewater, electricity, trash/recycling, utility billing fees and other items as outlined in separate addenda, Special Provisions or an amendment to this Lease.

**Utility Connection Charge or Transfer Fee:** $ 50.00 (not to exceed $50) to be paid within 5 days of written notice (**Par. 3.5**)

**Special Provisions.** See Par. 32 or additional addenda attached. The Lease cannot be changed unless in writing and signed by you and us.

☑ Blue Moon eSignature Services Document ID: 391773357

**26.2. Move-Out Inspection.** We may, but are not obligated to, provide a joint move-out inspection. Our representatives have no authority to bind or limit us regarding deductions for repairs, damages, or charges. Any statements or estimates by us or our representative are subject to our correction, modification, or disapproval before final accounting or refunding.

**27. Surrender and Abandonment.** You have *surrendered* the apartment when: (A) the move-out date has passed and no one is living in the apartment in our reasonable judgment; *or* (B) apartment keys and access devices listed in Par. 2.1 have been turned in to us—whichever happens first.

You have *abandoned* the apartment when all of the following have occurred: (A) everyone appears to have moved out in our reasonable judgment; (B) you've been in default for nonpayment of Rent for 5 consecutive days, or water, gas, or electric service for the apartment not connected in our name has been terminated or transferred; *and* (C) you've not responded for 2 days to our notice left on the inside of the main entry door stating that we consider the apartment abandoned. An apartment is also considered abandoned 10 days after the death of a sole resident.

**27.1. The Ending of Your Rights.** Surrender, abandonment, or judicial eviction ends your right of possession for all purposes and gives us the immediate right to clean up, make repairs in, and relet the apartment; determine any security-deposit deductions; and remove or store property left in the apartment.

**27.2. Removal and Storage of Property.** We, or law officers, may—but have no duty to—remove or store all property that in our sole judgment belongs to you and remains in the apartment or in common areas (including any vehicles you or any occupant or guest owns or uses) after you're judicially evicted or if you surrender or abandon the apartment.

*You are not liable for casualty, loss, damage, or theft.* You must pay reasonable charges for our packing, removing and storing any property.

Except for animals, we may throw away or give to a charitable organization all personal property that is:

(1) left in the apartment after surrender or abandonment; *or*

(2) left outside more than 1 hour after writ of possession is executed, following judicial eviction.

An animal removed after surrender, abandonment, or eviction may be kenneled or turned over to a local authority, humane society, or rescue organization.

**GENERAL PROVISIONS AND SIGNATURES**

**28. TAA Membership.** We, the management company representing us, or any locator service that you used confirms membership in good standing of both the Texas Apartment Association and the affiliated local apartment association for the area where the apartment is located at the time of signing this Lease. If not, the following applies: (A) this Lease is voidable at your option and is unenforceable by us (except for property damages); and (B) we may not recover past or future rent or other charges. The above remedies also apply if both of the following occur: (1) the Lease is automatically renewed on a month-to-month basis more than once after membership in TAA and the local association has lapsed; and (2) neither the owner nor the management company is a member of TAA and the local association during the third automatic renewal. A signed affidavit from the affiliated local apartment association attesting to nonmembership when the Lease or renewal was signed will be conclusive evidence of nonmembership. Governmental entities may use TAA forms if TAA agrees in writing.

Name, address and telephone number of locator service (if applicable):

_____
_____
_____
_____

**29. Severability and Survivability.** If any provision of this Lease is invalid or unenforceable under applicable law, it won't invalidate the remainder of the Lease or change the intent of the parties. Paragraphs 10.1, 10.2, 16, 27 and 31 shall survive the termination of this Lease. This Lease binds subsequent owners.

**30. Controlling Law.** Texas law governs this Lease. All litigation arising under this Lease and all Lease obligations must be brought in the county, and precinct if applicable, where the apartment is located.

**31. Waivers.** By signing this Lease, you agree to the following:

**31.1. Class Action Waiver.** You agree that you will not participate in any class action claims against us or our employees, agents, or management company. You must file any claim against us individually, and *you expressly waive your right to bring, represent, join or otherwise maintain a class action, collective action or similar proceeding against us in any forum.*

YOU UNDERSTAND THAT, WITHOUT THIS WAIVER, YOU COULD BE A PARTY IN A CLASS ACTION LAWSUIT. BY SIGNING THIS LEASE, YOU ACCEPT THIS WAIVER AND CHOOSE TO HAVE ANY CLAIMS DECIDED INDIVIDUALLY. THE PROVISIONS OF THIS PARAGRAPH SHALL SURVIVE THE TERMINATION OR EXPIRATION OF THIS LEASE.

**31.2. Force Majeure.** If we are prevented from completing substantial performance of any obligation under this Lease by occurrences that are beyond our control, including but not limited to, an act of God, strikes, epidemics, war, acts of terrorism, riots, flood, fire, hurricane, tornado, sabotage or governmental regulation, then we shall be excused from any further performance of obligations to the fullest extent allowed by law.

**32. Special Provisions.** The following, or attached Special Provisions and any addenda or Community Policies provided to you, are part of this Lease and supersede any conflicting provisions in this Lease.

Your required liability insurance policy shall list BES Kessler Park Fund XIII, LLC as an additional insured. Each monthly utility statement will include a rent and ancillary billing service fee of $6.00. Sherman Residential Employee Lease Agreement. Monthly Discount based on conditions of Sherman Residential Employee Rent Program.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Before submitting a rental application or signing this Lease, you should review the documents and may consult an attorney. You are bound by this Lease when it is signed. An electronic signature is binding. This Lease is the entire agreement between you and us. You are NOT relying on any oral representations.

*Resident or Residents (all sign below)*

*George Gilmore*                              08/15/2023
(Name of Resident)                            Date signed

_____          _____
(Name of Resident)                            Date signed

_____          _____
(Name of Resident)                            Date signed

_____          _____
(Name of Resident)                            Date signed

_____          _____
(Name of Resident)                            Date signed

_____          _____
(Name of Resident)                            Date signed

*Owner or Owner's Representative (signing on behalf of owner)*

*Alyssa Maldonado*
_____

✓ Blue Moon eSignature Services Document ID: 391773357

**26.2. Move-Out Inspection.** We may, but are not obligated to, provide a joint move-out inspection. Our representatives have no authority to bind or limit us regarding deductions for repairs, damages, or charges. Any statements or estimates by us or our representative are subject to our correction, modification, or disapproval before final accounting or refunding.

**27. Surrender and Abandonment.** You have *surrendered* the apartment when: (A) the move-out date has passed and no one is living in the apartment in our reasonable judgment; *or* (B) apartment keys and access devices listed in Par. 2.1 have been turned in to us—whichever happens first.

You have *abandoned* the apartment when all of the following have occurred: (A) everyone appears to have moved out in our reasonable judgment; (B) you've been in default for nonpayment of Rent for 5 consecutive days, or water, gas, or electric service for the apartment not connected in our name has been terminated or transferred; *and* (C) you've not responded for 2 days to our notice left on the inside of the main entry door stating that we consider the apartment abandoned. An apartment is also considered abandoned 10 days after the death of a sole resident.

**27.1. The Ending of Your Rights.** Surrender, abandonment, or judicial eviction ends your right of possession for all purposes and gives us the immediate right to clean up, make repairs in, and relet the apartment; determine any security-deposit deductions; and remove or store property left in the apartment.

**27.2. Removal and Storage of Property.** We, or law officers, may—but have no duty to—remove or store all property that in our sole judgment belongs to you and remains in the apartment or in common areas (including any vehicles you or any occupant or guest owns or uses) after you're judicially evicted or if you surrender or abandon the apartment.

*You're not liable for casualty, loss, damage, or theft.* You must pay reasonable charges for our packing, removing and storing any property.

Except for animals, we may throw away or give to a charitable organization all personal property that is:

(1) left in the apartment after surrender or abandonment; *or*

(2) left outside more than 1 hour after writ of possession is executed, following judicial eviction.

An animal removed after surrender, abandonment, or eviction may be kenneled or turned over to a local authority, humane society, or rescue organization.

**GENERAL PROVISIONS AND SIGNATURES**

**28. TAA Membership.** We, the management company representing us, or any locator service that you used confirms membership in good standing of both the Texas Apartment Association and the affiliated local apartment association for the area where the apartment is located at the time of signing this Lease. If not, the following applies: (A) this Lease is voidable at your option and is unenforceable by us (except for property damages); and (B) we may not recover past or future rent or other charges. The above remedies also apply if both of the following occur: (1) the Lease is automatically renewed on a month-to-month basis more than once after membership in TAA and the local association has lapsed; and (2) neither the owner nor the management company is a member of TAA and the local association during the third automatic renewal. A signed affidavit from the affiliated local apartment association attesting to nonmembership when the Lease or renewal was signed will be conclusive evidence of nonmembership. Governmental entities may use TAA forms if TAA agrees in writing.

Name, address and telephone number of locator service (if applicable):

_____
_____
_____
_____

**29. Severability and Survivability.** If any provision of this Lease is invalid or unenforceable under applicable law, it won't invalidate the remainder of the Lease or change the intent of the parties. **Paragraphs 10.1, 10.2, 16, 27 and 31 shall survive the termination of this Lease.** This Lease binds subsequent owners.

**30. Controlling Law.** Texas law governs this Lease. All litigation arising under this Lease and all Lease obligations must be brought in the county, and precinct if applicable, where the apartment is located.

**31. Waivers.** By signing this Lease, you agree to the following:

**31.1. Class Action Waiver.** You agree that you will not participate in any class action claims against us or our employees, agents, or management company. You must file any claim against us individually, and *you expressly waive your right to bring, represent, join or otherwise maintain a class action, collective action or similar proceeding against us in any forum.*

YOU UNDERSTAND THAT, WITHOUT THIS WAIVER, YOU COULD BE A PARTY IN A CLASS ACTION LAWSUIT. BY SIGNING THIS LEASE, YOU ACCEPT THIS WAIVER AND CHOOSE TO HAVE ANY CLAIMS DECIDED INDIVIDUALLY. THE PROVISIONS OF THIS PARAGRAPH SHALL SURVIVE THE TERMINATION OR EXPIRATION OF THIS LEASE.

**31.2. Force Majeure.** If we are prevented from completing substantial performance of any obligation under this Lease by occurrences that are beyond our control, including but not limited to, an act of God, strikes, epidemics, war, acts of terrorism, riots, flood, fire, hurricane, tornado, sabotage or governmental regulation, then we shall be excused from any further performance of obligations to the fullest extent allowed by law.

**32. Special Provisions.** The following, or attached Special Provisions and any addenda or Community Policies provided to you, are part of this Lease and supersede any conflicting provisions in this Lease.

Your required liability insurance policy shall list BES Kessler Park Fund XIII, LLC as an additional insured. Each monthly utility statement will include a rent and ancillary billing service fee of $6.00. Sherman Residential Employee Lease Agreement. Monthly Discount based on conditions of Sherman Residential Employee Rent Program.

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

Before submitting a rental application or signing this Lease, you should review the documents and may consult an attorney. You are bound by this Lease when it is signed. An electronic signature is binding. This Lease is the entire agreement between you and us. You are NOT relying on any oral representations.

*Resident or Residents (all sign below)*

*George Gilmore*                                    08/15/2023
(Name of Resident)                                  Date signed

_____          _____
(Name of Resident)                                  Date signed

_____          _____
(Name of Resident)                                  Date signed

_____          _____
(Name of Resident)                                  Date signed

_____          _____
(Name of Resident)                                  Date signed

_____          _____
(Name of Resident)                                  Date signed

*Owner or Owner's Representative (signing on behalf of owner)*

*Alyssa Maldonado*

✓ Blue Moon eSignature Services Document ID: 391773357





Sherman
R E S I D E N T I A L

# EMPLOYEE APARTMENT RENTAL AGREEMENT

I understand that use of an apartment is a condition of my employment with Benj. E. Sherman & Sons dba Sherman Residential (the Company). I will pay the employee base effective rent that has been set on the agreement and I will continue to pay this amount for a minimum of one year or until such time as Sherman Residential update the Employee Concession Summary Form. New rates, if deemed necessary, will be released in January and will be effective in March of the same year.

I understand that all additional occupants (ie. roommates, spouses, significant others) of the apartment over the age of 18 will be required to complete an application. Additional occupants will be held to the same applicant guidelines as a non-employee and they will not be allowed use of the apartment unless those guidelines are met.

I understand that while I am not responsible to pay a security deposit for my apartment, I am responsible to pay a refundable deposit for any pets I may have and that this deposit should be paid according to Employee Concession Summary Form for the community in which I will be living. I will provide a separate check or money order and submit it to the property manager of the apartment community at which I am living prior to or no later than my move in date.

I understand that I am responsible to pay the Company for any additional amenities and/or rentable items that are not included in my monthly base effective rent. These items, if applicable, are listed on the Employee Concession Summary Form. If I have elected an upgraded unit I will be responsible for paying the upgrade charge as listed in Yardi at the time of rental. This applies even if the Employee Concession Summary Form does not list the upgrade charge.

I understand that by electing the employee payroll deduction, I will be eligible for the payroll deduction discount amount listed on the Employee Concession Summary Form for the community at which I reside. I may elect not to use the payroll deduction discount and to pay the employee base effective rent plus any amenities directly to the property on the 1st of each month. Please initial one of the following two options:

☑ Payroll Rent Deduction – rent will be deducted directly from my paycheck in two equal payments each month. I will fill out and return the Employee Rent Deduction Authorization Form, my Lease, the Employee Rent Deduction Tax Liability Worksheet (if discount exceeds 20%) and a copy of this agreement. My payroll deductions will begin immediately and may be prorated for partial months for move in. I understand that utilities will not be payroll deducted and I am responsible to pay them directly to the property by the 1st of each month.

☐ 1st of the Month – the employee base effective rent plus any amenities will be paid directly to the property on the 1st of each month. I will be subject to late fees if my payment is late. I will not be eligible for the employee payroll deduction discount.

I understand that should my payroll deduction be suspended for any reason (i.e. leave of absence) I will be responsible for paying my monthly rental amount directly to the community by the 15th of each month. In addition, if for any reason rent becomes delinquent, I give the company permission to deduct the delinquent balance from my payroll in addition to my regular monthly rent until such time as the balance is paid in full.

I understand that my lease term is month to month and that I may be asked to vacate the premises at any time after my employment is terminated by either the Company or myself for any reason. The Company has the sole discretion to allow my continued stay in my apartment. Should I be allowed to maintain my residence with the Company, I understand that I will be held to the same applicant guidelines as a non-employee and that I will not be allowed to rent the apartment unless those guidelines are met.

In addition, I understand that should the Company allow me to maintain my residence and should I meet the applicant guidelines, I will no longer be eligible for the employee base effective rent or the additional payroll rent discount. I will be responsible for signing a new lease in which the terms will be set forth as any other resident.

I understand that any lease I have signed during my employment will become void upon my termination. I understand that in the event of any conflict between the Sherman Residential Rental Agreement and the Employee Apartment Rental Agreement, this Employee Apartment Rental Agreement will control. I agree to the above stated conditions and would like to use an apartment while I am employed by the Company.

| George | Gilmore |
|---|---|
| First Name | Last Name |

Signature

08/14/2023

Date

**EXHIBIT**
**C**

# NOTICE TO VACATE BECAUSE OF EMPLOYMENT TERMINATION

George Gilmore and all other occupants

_____
_____
_____
_____
_____
_____

(Name of employee)
2456 Fort Worth Ave, #7302

(Street address and dwelling unit number, if applicable)
Dallas, TX 75211

(City, State, Zip)

October 12, 2023

Date

Re: Notice to vacate because of employment termination by owner or owner's representative

Dear George Gilmore and all other occupants

Your right of occupancy was contingent on your continued employment by the dwelling unit's ownership or management. Since your employment has been terminated either by you or us, this constitutes a breach of your lease, and you no longer have a right to occupy the dwelling.

This notice is a demand for possession of the unit, and you are given notice to vacate the premises on or before 11:59 p.m. on 10/20/2023 (date). If you fail to move out by that time, we will file an eviction against you in Justice of the Peace court in compliance with Chapter 24 of the Texas Property Code. The court will then schedule a hearing to consider the facts in the case. Delay or postponement by us to take such action does not waive our rights. This notice to vacate is unconditional.

10/13/2023

Date notice was given

Signature of owner's representative

Brandy Davis
Printed name

(214) 944-5300
Phone number

brandyd@bea.com
Email address

**CAUTION:** Texas law has strict rules about the content and delivery of this notice. If you fail to fill out and deliver this notice correctly, it could be invalid. You should carefully read the commentary to the form.

Texas Apartment Association

**COPY**

3-24CV0006-E

United States District Court

BES KESSLER PARK FUND X111 LLC DBA AXIS KESSLER PARK

_____

Plaintiff

Case No: JPC-23-09670-51

Vs.

K'in Way Xi,

George Gilmore,

Glen Marion,

James Dawson

_____

Defendant/ Counterclaimants

## NOTICE OF REMOVAL

## Pursuant to USC Title 28 section 1331 & 1441 (b)

## Memorandum of Law

## Notice of Omnibus Motion

The lawful issues of this notice of removal are founded upon United States Laws, Title VII of the Civil Rights Act of 1964 States Code, 42 U.S. Code s 1981 (a)

The State of Texas lacks the jurisdictional authority to determine issues based on federal laws thus this request to have the case removed.